UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGER SHONOWSKY,

                **Plaintiff,**

   v.                                       3:10-cv-745

**CITY OF NORWICH,** *et al.***,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Roger Shonowsky commenced the instant action pursuant to 42 U.S.C. § 1983 arising out of his arrest and confinement in an inpatient psychiatric facility. In a Decision and Order dated November 4, 2010, the Court dismissed Plaintiff's state law claims as untimely and referred the matter to Magistrate Judge Peebles for an evidentiary hearing to determine whether the three year statute of limitations applicable to Plaintiff's federal claims, which absent tolling would result in dismissal of those claims, should be tolled under CPLR § 208 during the period of Plaintiff's involuntary psychiatric commitment. See 04/11/10 Dec.& Order, dkt. # 13.[1] In his Report and Recommendation, dkt. # 23, Magistrate Judge Peebles reported his conclusions following the evidentiary

---

[1] Familiarity with this Decision and Order is presumed.

1

hearing and recommended that "the court find [that] plaintiff is not entitled to the benefit of tolling under CPLR § 208 during the period of this psychiatric treatment at the Binghamton General Hospital." Id. p. 23.  Plaintiff has filed objections to the Report and Recommendation.  Dkt. # 24.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).   "[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009);[2] Green

---

[2] As Judge Suddaby noted in Calderon:

On *de novo* review, "[t]he judge may ... receive further evidence ...." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

2

v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or along with, 'objections . . .' should be dismissed.")(citations omitted).  General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[3]  After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Other than asserting that Magistrate Judge Peebles "applied the wrong legal standard," Plaintiff's objections amount to merely a re-argument of the CPLR § 208 issues.  The Court finds that Magistrate Judge Peebles applied the correct legal standard in determining whether to apply the tolling provision of CPLR § 208, and, for the reasons stated in the Report and Recommendation, the Court finds that the tolling provision of CPLR § 208 does not apply here.

---

[3] The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

**IV.     CONCLUSION**

Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety, and finds that the tolling provision of CPLR § 208 do not apply in this case. Therefore, and for the reasons discussed in the November 4, 2010 Decision and Order, Defendant's motion to dismiss Plaintiff's federal claims, dkt # 5, is **GRANTED**, and the Complaint is **DISMISSED**.

**IT IS SO ORDERED**

**Dated:** September 14, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge